IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MILTON MUNSON, | ) | |
| | ) | 8:05CV329 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Milton Munson's ("plaintiff") motion for attorney fees, Filing No. 25, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (2006). Pursuant to sentence four of 42 U.S.C. § 405(g), the court entered an order and judgment reversing the Administrative Law Judge and finding the plaintiff eligible for disability benefits. Filing No. 19, 20. Thereafter, plaintiff filed a motion for attorney fees, Filing No. 22, and this court ordered the Social Security Administration ("defendant") to file a notice with the court when it determined plaintiff's benefits. Filing No. 23. Defendant filed the appropriate notice and reported that plaintiff would receive a first payment of $64,037, representing the amount due through August 2006. Filing No. 24, Attachment 1. Additionally, defendant stated that it had withheld $20,260.50 in attorney fees. *Id*. Following this notice, plaintiff again submitted his motion for attorney fees with accompanying brief. Filing No. 25, 26.

With his motion, plaintiff included a copy of the retainer agreement between plaintiff and his counsel, which provides for a contingency fee of 25% of plaintiff's past-due benefits and recognizes the right to EAJA fees. Filing No. 25. Plaintiff claims that based on defendant's calculations, plaintiff's past-due benefits total $81,042, and of that amount,

25%, or $20,260.50, has been withheld for payment of attorney fees. *Id.*[1] Also attached to plaintiff's motion for attorney fees is the affidavit of plaintiff's attorney, wherein the attorney itemizes 32.35 hours spent on this case. Filing No. 25. Plaintiff's attorney separated the amount spent on federal matters and calculated that total at 10.3 hours. The distinction for purposes of 42 U.S.C. § 406 is important because the Social Security Act authorizes the Commissioner to award attorney fees for work performed at the administrative level, 42 U.S.C. § 406(a), whereas § 406(b) permits a federal district court to award attorney fees for representation before the court. 42 U.S.C. § 406(b). The EAJA does not make the same distinction. *See* 28 U.S.C. § 2412(d)(1)(A) ("a court shall award to a prevailing party . . . fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . including proceedings for judicial review of agency action"). However, pursuant to the EAJA, plaintiff requests compensation for 10.3 hours of attorney time, for a total of $1,673.75. Filing No. 25.

Plaintiff requests that this court approve the payment of $18,586.75 from plaintiff's past-due benefit award pursuant to 42 U.S.C. § 406(b). *Id.*; Filing No. 26. Plaintiff's request is characterized incorrectly. Plaintiff should have requested $20,260.50 payable

---

[1] Filing No. 24, defendant's notice to the court, does not provide the total amount of past-due benefits. By the court's own calculation, the first payment of $64,037, added together with the amount of attorney fees withheld, $20,260.50, yields a total of $84,297.50. This amount must be reduced because it represents a payment through August 2006, and, as defendant's notice states, past-due benefits are payable through June 2006, the month before this court issued its previous memorandum and order. Filing No. 24, Attachment 1; Filing No. 19. As of December 2005, defendant reports plaintiff's monthly benefit amount at $1,628.30. Filing No. 24, Attachment 1. If $1,628.30 is twice subtracted from the previously calculated total (representing July and August payments), the new total is $81,040.90. Rounding down to the nearest dollar, as defendant states it does, $81,040 is $2 short of the $81,042 that plaintiff claims is the total of past-due benefits owed. However, 25% of the larger amount, $81,042, yields $20,260.50, the amount defendant reports it has withheld as attorney fees. *See* Filing No. 24, Attachment. Additionally, defendant has not objected to plaintiff's statement that his past-due benefits total $81,042. Therefore, the court finds the $2 discrepancy insignificant, and the court will accept the $81,042 total for purposes of further calculation in this memorandum and order.

2

to plaintiff's counsel, of which $1,673.75, representing the EAJA attorney amount to be received by counsel, will be refunded to plaintiff. In other words, plaintiff should have sought an attorney fee calculated as follows: $20,260.50 which represents twenty-five percent (25%) of the retroactive benefits generated less and except the following amount: $1,673.75, which represents the amount of the EAJA attorney fee awarded to counsel. This results in a net attorney fee in the amount of $18,586.75, which represents the remaining balance for the cost of legal services rendered at the judicial level ($20,260.50 - $1,673.75 = $18,586.75). Under this calculation and award, plaintiff would receive a refund of $1,673.75, representing the amount of the EAJA attorney fee awarded to counsel.

The Social Security Administration ("defendant") filed a response stating that it did not contest the award of attorney fees in the amount of $1,673.75, representing 10.3 hours of attorney time at an hourly rate of $162.50. Filing No. 27. However, defendant asks that if this court approves the award of fees under § 406(b), that such award be reasonable. Defendant contends that plaintiff's request for fees under 42 U.S.C. § 406(b) is for the same 10.3 hours of work requested for fees under the EAJA. *Id.* Defendant argues that an award of this amount would result in a windfall to plaintiff's counsel at an hourly rate of $1,967.04.[2] *Id.* Defendant argues the court must determine the reasonableness of the amount sought in proportion to the services rendered. *Id.* Furthermore, defendant maintains that Congress has precluded "double-dipping," and as such, if fees are awarded

---

[2] Defendant calculated this amount by dividing total fees of $20,260.50 ($1,673.75 + $18,586.75) by 10.3 hours of attorney work time.

under 42 U.S.C. § 406(b) and the EAJA, counsel must refund to plaintiff the lesser of the fees awarded. *Id.*

**Discussion**

    **1.**    **EAJA**

A prevailing litigant may recover an award of attorney fees under the EAJA, which permits courts to award reasonable attorney fees when the Commissioner's position in the action was not substantially justified. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005); *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987); 28 U.S.C. § 2412(d)(1)(A). To establish substantial justification, the Commissioner must show the denial had a reasonable basis in law and fact. *Goad*, 398 F.3d at 1025; *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988). The Commissioner has the burden of proving that its position was substantially justified, or that special circumstances make an award of attorney fees and expenses unjust. *Koss v. Sullivan*, 982 F.2d 1226, 1228-29 (8th Cir. 1993); 28 U.S.C. § 2412(d)(1)(A). Furthermore, the EAJA provides for the award of attorney fees if: (1) the person is a prevailing party; (2) the individual's net worth did not exceed two million dollars at the time the civil action was filed; and (3) the fees and expenses were "incurred by that party in [the] civil action" in which it prevailed. 28 U.S.C. § 2412(d)(1)(A),(2)(B); *United States SEC v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004).

Attorney fees awarded pursuant to the EAJA are paid by the agency over which the litigant prevails. 28 U.S.C. § 2412(d)(4). "EAJA fees are determined not by a percent of the amount recovered, but by the time expended and the attorney's hourly rate[.]" *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (quotations omitted). Fees awarded under the EAJA shall not exceed an hourly rate of $125, "unless the court determines that an

increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). This court adheres to the standard that absent unjust or improper circumstances, a cost-of-living increase should be awarded where the litigant presents uncontested proof of an increase in the cost of living. *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

### 2.      42 U.S.C. § 406(b)

The Social Security Act authorizes a federal district court to award attorney fees for representation before the court under 42 U.S.C. § 406(b). Congress enacted § 406(b) to "protect claimants against inordinately large fees and also to ensure that attorneys representing successful claimants would not risk nonpayment of appropriate fees." *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002). Fees under § 406(b) satisfy a client's obligation to counsel and, therefore, attorney fees are withheld by the Commissioner and paid directly to the attorney out of past-due benefits awarded. 42 U.S.C. § 406(b); 20 C.F.R. § 404.1720(b)(4) (2006).

Prior to the Supreme Court's decision in *Gisbrecht v. Barnhart,* 535 U.S. 789 (2002), the Eighth Circuit followed the "lodestar method" to determine a reasonable fee, multiplying the number of hours reasonably devoted to each case by the reasonable hourly fee. *Cotter v. Bowen*, 879 F.2d 359, 363 (8th Cir. 1989); *Emery v. Hunt*, 272 F.3d 1042, 1046 (8th Cir. 2001); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Under the lodestar method, in determining reasonable attorney fees, the district court should consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th

Cir. 1984), though it need not exhaustively address every factor.[3] *Emery*, 272 F.3d at 1048. However, in *Gisbrecht*, the Supreme Court reversed the Ninth Circuit's use of the lodestar method for determining a reasonable fee, and cited the Eighth Circuit's decision in *Cotter* as a similar case that followed such a methodology. *Gisbrecht*, 535 U.S. at 799. The Supreme Court determined the proper approach to fee determinations required courts to look first at the contingent fee agreement and then test it for reasonableness. *Id*. at 808. Whether the *Johnson* factors remain determinative for a finding of reasonableness after assessing the contingent fee agreement remains unclear.[4] At least one district court in this circuit has applied similar factors (*see Hensley v. Eckerhart*, 461 U.S. 424, 430 n.3 (1983)) after noting the existence of a contingency-fee agreement. *See Wallace v. Barnhart*, 2004 U.S. Dist. LEXIS 7214, *12-13 (D. Iowa 2004).

"[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Id*. at 807. However, a contingency-fee agreement that provides for fees in excess of the boundary imposed by Congress, 25% of past-due benefits, is *per se*

---

[3]The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

[4]"After *Gisbrecht*, counsel and their clients cannot predict with any degree of certainty what courts will award as 'reasonable' fees under section 406(b), particularly where the benefits are large in comparison to the amount of time spent by counsel." *Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1173-1174 (D. Cal. 2006). Further guidance from the appellate courts may be unlikely, given the Supreme Court's statement in *Gisbrecht*: "Judges of our district courts are accustomed to making reasonableness determinations in a wide variety of contexts, and their assessments in such matters, in the event of an appeal, ordinarily qualify for highly respectful review." *Gisbrecht*, 535 U.S. at 808.

unreasonable. *See id.*; 42 U.S.C. § 406(b)(1)(A). If the contingency-fee agreement is at or below the 25% boundary, the attorney for the successful claimant must establish that the fee sought is reasonable in proportion to the services rendered. *Gisbrecht*, 535 U.S. at 807.

District courts are tasked with the responsibility of conducting an "independent check" to ensure the fee award is reasonable. *Id.* A court should determine whether a downward adjustment of an attorney's recovery is appropriate based on the character of the representation and the results the attorney achieved. *Id.* at 808. To avoid a windfall to a successful claimant's attorney, the court should make a downward adjustment if the award of benefits is large in comparison to the amount of time counsel spent on the case. *Id.*; *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989) ("Where a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate"). Courts may also reduce an award in situations "occasioned by improper conduct or ineffectiveness of counsel," like where an attorney delays a case to increase the attorney's share of "past-due" benefits. *Rodriquez*, 865 F.2d at 746; *Gisbrecht*, 535 U.S. at 808.

### 3. EAJA and 42 U.S.C. § 406(b)

Under the EAJA and 42 U.S.C. § 406(b), courts may award attorney fees to prevailing claimants and their attorneys. *Gisbrecht*, 535 U.S. at 796. A double recovery, however, is not permitted. When both awards are granted, the attorney must refund the lesser award to the client. *Id.* "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will

be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.* (quotations and ellipses omitted).

**Analysis**

After carefully reviewing the record, and in particular, the itemized amounts set forth in the affidavit of plaintiff's attorney, Filing No. 25, the court concludes the reported 10.3 hours of work spent on this case is reasonable. *See supra* footnote 2. Plaintiff's net worth did not exceed two million dollars at the time the action was filed, and there is no question that the fees sought were incurred in the same action in which plaintiff prevailed. As the court noted in its previous memorandum and order, the ALJ failed to accord appropriate weight to the opinions of the treating physicians. Accordingly, the court concludes the defendant was not substantially justified, plaintiff was a prevailing party, and under the EAJA, an award of attorney fees in the amount of $1,673.75 is reasonable and warranted.

However, the court finds that under the EAJA, plaintiff's counsel has requested the incorrect amount. Plaintiff's counsel should have requested an award of attorney fees for 32.35 hours of work, rather than the 10.3 hours requested, as the EAJA does not require an award of fees based solely on the work done before this court. *See* 28 U.S.C. § 2412(d)(1)(A) ("a court shall award to a prevailing party . . . fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action . . . including proceedings for judicial review of agency action"). The court is not clear whether this claim for 10.3 hours under the EAJA is merely an oversight, or an attempt to minimize the amount offset from those fees sought under § 406. To maximize plaintiff's recovery, it makes sense to this court to maximize the fund amount payable to counsel from the Commissioner. ("Fee awards may be made under both prescriptions, but

the claimant's attorney must 'refund to the claimant the amount of the smaller fee.'" *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)). Thus, the court will correct the error and calculate the EAJA award amount based on 32.35 hours of attorney time. Such a calculation yields a fee award of $5,256.88.

Turning now to plaintiff's request for 42 U.S.C. § 406(b) fees, the court, having reviewed this case in light of *Gisbrecht* and its progeny, is required to give primacy to the contingent-fee agreement. Here, the agreement calls for a fee of 25% of past-due benefits, the same benchmark percentage permitted by statute. *See* Filing No. 25; 42 U.S.C. § 406(b)(1)(A). Counsel achieved a favorable result for plaintiff and bore the risk of no payment under the contingency-fee agreement had plaintiff not been successful. Plaintiff's counsel alleges to have spent 32.35 hours on this case, 10.3 of which relate to work before this court. *See supra* footnote 2.

*Gisbrecht's* instructions do not raise cause for concern here. The $81,042 in past-due benefits plaintiff recovered is reasonable in comparison to the 25% contingent fee arrangement contemplated between plaintiff and his counsel. *See Gisbrecht*, 535 U.S. at 808. The court does not intend to discourage or make it financially impossible for attorneys to undertake the role of representing Social Security claimants in our judicial system. Therefore, the contingent risk undertaken by plaintiff's counsel should be reasonably compensated.

Furthermore, the traditional lodestar-type factors do not raise cause for concern that the attorney fee amount sought here represents a potential windfall. Considering the *Johnson* factors, the court notes plaintiff's statements that "[c]ounsel undertook this case more than three years ago and pursued appeals at all available levels in a diligent and

9

efficient manner, accepting the substantial risk that no fees would be paid in the event of a negative result. The benefits to Plaintiff of the ultimately successful outcome have been substantial." Filing No. 26. Plaintiff further reports that the complexity of the record and multiple issues presented by the plaintiff justified the attorney's expenditure of time. *Id.* However, the court notes that plaintiff's attorney has not included allegations that experience, reputation, or ability warrants receiving larger compensation. *See Johnson*, 488 F.2d at 719.

In accordance with *Gisbrecht*, the court concludes that plaintiff's counsel has met the burden of showing the reasonableness of the fees requested under 42 U.S.C. § 406(b). This court finds that a reallocation of fee awards is necessary in this case to arrive at a fee that is reasonable for the services rendered, and will eliminate reduction of plaintiff's recovery. After surveying the case law, considering the nature of the contingent risk, and drawing upon the court's own wisdom and experience, the court finds that a fee of $20,260.50 (representing 25% of plaintiff's recovery, *see supra* footnote 1) is a reasonable fee for the representation of plaintiff before this court.

THEREFORE, IT IS ORDERED that:

1. Plaintiff's motion for attorney fees, Filing No. 25, is granted in part. Plaintiff is awarded EAJA fees in the amount of $5,256.88.

2. Section 406(b) fees are allowed in the gross amount of $20,260.50, to be paid out of the sum withheld by the Commissioner from plaintiff's benefits;

3. Counsel shall reimburse plaintiff in the amount of $5,256.88, the lesser amount awarded under the EAJA.

DATED this 29th day of December, 2006.

BY THE COURT:


s/Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief United States District Judge